UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAUNUS PHARMACEUTICAL, LLC<br>                     Plaintiff,<br>v.<br><br>MARTHA ASADOORIAN, ANNA ADAIR, BRENDA BANSALE, MARABETH BELINSKI, ALTA BELL, MAURICE BROWN, JAMES BUSHAW, RONALD CUNNINGHAM, NANCY DARGAN, THOMAS DEMENIUK, JOY DENTON, BARBARA DODDS, JESSICA FAIRCHILD, JAYNE FRANK, ALISA FRAZIER, ELAINE GODLEWSKI, ELEANOR GORZINSKI, BRIAN HUGHEY, GERALDINE JOHNSON, PAM JUSIFI, JOY ALAINE KELLY, BRIAN KENNEDY, PAMELA KIDD, MELINDA KULCHINSKI, LINDA LEE, DOROTHY LEHMAN, ANJA MACKEY, PATRICIA MALAFOURIS, BRIAN MESZAROS, BETTY MORROW, ALADINE OTHMAN, LINDA PETCHELL, ALLISON PEW, TODD QUATTLANDER, ROBERT RANDOLPH, PAM ROBERSON, LINDA SABIN, LEONARD SHAFFER, MISTY STENDER, GLENDA STRATTON, CHAVONDA STEWARD, DEBBIE SZEGDA, LARRY THISTLEWAITE, WILLIAM THOMAS, NANCY THOMSON, SHERI LYNN TRAMMELL, JOY VERDI-SPANSKE, SANDRA WALKER, RICHARD WIREBAUGH,<br><br>                     Defendants. | CASE NO.:<br><br>**COMPLAINT** |

PARTIES

1. Plaintiff, Alaunus Pharmaceutical, LLC ("Alaunus") is a Massachusetts Limited Liability Company with its principal place of business in Framingham, Massachusetts.

2. The defendants are individuals who are all residents in or doing business in the state of Michigan. On information and belief, all of the defendants are citizens of Michigan.

## VENUE AND JURISDICTION

3. This is an action for declaratory relief brought under 28 U.S.C. § 2201 in accordance with Fed. R. Civ. P. 57.

4. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5. The defendants are subject to personal jurisdiction of this court by virtue of sending letters threating litigation against the plaintiff to it in this Commonwealth.

6. Venue is proper in this district because the plaintiff's business occurs in this district and it was to this business that the communication threatening suit was sent.

## FACTS COMMON TO ALL COUNTS

7. A Massachusetts company, The New England Compounding Center has been sued in a number of jurisdictions, including Massachusetts, for various claims arising out of a fungal meningitis outbreak, allegedly caused by injections of methylprednisolone acetate compounded and distributed by it.

8. Alaunus is also a defendant in many – but not all – of these lawsuits.

9. On January 2, 2013, Alaunus received a letter from Lipton Law, a law firm located in Southfield, Michigan. A copy of that letter is attached hereto as Exhibit A and is referred to herein as the "Lipton Letter."

10. According to the Lipton Letter, all of the defendants in this case are making claim against Alaunus and others for unspecified injuries caused by injections "with steroids that were compounded, marketed, sold and distributed [by Alaunus]."

Case 1:13-cv-10165 Document 1 Filed 01/25/13 Page 3 of 5

11. Although the Lipton Letter lacks specific details, it is reasonable to assume that this claim arises from the same outbreak of fungal meningitis and other infections that is the subject of the other ongoing litigation.

12. It appears from the Lipton Letter that the defendants intend to bring a claim against Alaunus as a company that "compounded, marketed, sold and distributed" the suspect medications.

13. Alaunus does not compound, market, sell, offer for sale, or distribute methylprednisolone acetate or any other drug or compound which has been identified by the FDA, the Commonwealth of Massachusetts, or any other regulatory or investigative entity as a potential cause of the fungal meningitis outbreak.

14. Alaunus asserts that it has no liability – direct, indirect, or vicarious – for any injury caused to anyone as the result of medications made, sold, and distributed by the New England Compounding Center or any other party.

15. Despite the lack of any evidence indicating Alaunus's liability, it has been forced at great expense to engage counsel and defend itself in states throughout the country.

16. Based on the Lipton Letter, Alaunus believes that defendants intend to file suit against it in Michigan, a state where no related actions are now pending. Such an action would be frivolous and advanced in bad faith by Plaintiffs, but would cause defendant significant time and expense to defend.

17. There is an actual dispute between the parties.

## COUNT I
## (Declaratory Relief)

18. There is an actual controversy between the parties because the defendants claim that the plaintiff is liable to them for injuries they allegedly suffered as a result of the manufacture and distribution of methylprednisolone acetate.

19. The plaintiff did not compound or distribute methylprednisolone acetate and is not liable to the defendants for any injuries. Defendants have no evidence to support any of their claims against Alaunus.

20. The plaintiff requests a judicial determination of its rights and duties to the defendants and a declaration that it is not liable to the defendants for their injuries.

## REQUEST FOR RELIEEF

Therefore, the Plaintiff demands that:

A. Each defendant be restrained from commencing any action against the plaintiff for injuries caused by the use of any product;

B. A judgment be entered that the plaintiff did not compound, manufacture, sell, or distribute any product which was used by defendants and caused them harm;

C. A judgment that the plaintiff did not directly or indirectly compound, manufacture, sell or distribute methylprednisolone acetate and or betamethasone, cardioplegia, or triaminolene or any other product used by these defendants and subject to recall by the Food and Drug Administration;

D. A judgment that the plaintiff has no liability to defendants for any of the claims set out in the Lipton Letter; and

E. For any other relief that is just and appropriate.

ALAUNUS PHARMACEUTICAL, LLC

by its attorneys,


/s/Franklin H. Levy
Franklin H. Levy (BBO#297720)
flevy@lawson-weitzen.com
Michele A. Hunton (BBO#667766)
mhunton@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Ave., Suite 345
Boston, Massachusetts 02210
Phone: (617) 439-4990
Fax: (617) 439-3987


### CERTIFICATE OF SERVICE

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2013.

/s/ Michele A. Hunton